IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SHAWN WILLIAM BLAND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 09-3052 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Shawn William Bland's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) (Petition). The Government filed Respondent's Answer to Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence of a Person in Federal Custody (d/e 7), and Petitioner filed his Motion Requested [sic] of Evidentiary Hearing in Responds [sic] to Goverment [sic] Motion to Dismiss (d/e 8) (Motion). For the reasons stated below, Bland's Petition and Motion are denied.

1

## FACTS

On June 2, 2005, the Government charged Bland in a three-count Indictment with: (1) armed bank robbery; (2) carrying a firearm during and in relation to a crime of violence; and (3) possession of a firearm by a convicted felon. Central District Illinois Case No. 05-30050, Indictment (d/e 3). The Court granted Bland's motion to sever the charge of possession of a firearm by a convicted felon from the other charges in the Indictment on October 21, 2005. Central District Illinois Case No. 05-30050, Text Order of October 21, 2005. After a full trial, a jury on December 7, 2005, convicted Bland of the remaining charges, and the Government dismissed the possession charge. Central District Illinois Case No.05-30050, Jury Verdict 1 (d/e 34); Jury Verdict 2 (d/e 35); Docket Entry of December 7, 2005.

In May 2006, the Government filed a document notifying the Court that the Illinois State Police (ISP) were investigating Detective James Graham, one of the trial witnesses who testified against Bland, for misconduct. Central District Illinois Case No. 05-30050, Motion for Disclosure of Allegations Concerning a Witness (d/e 43). The Government did not know of the investigation before Bland's trial, but after reviewing

2

the ISP's investigation files determined that they contained no Brady materials. Id. The Court ordered the Government to disclose the information to Bland, but noted that there was substantial evidence of Bland's guilt at trial, and that other evidence corroborated Detective Graham's testimony. Central District Illinois Case No. 05-30050, Text Order of June 5, 2006. Bland did not respond or object to the disclosure.

On August 4, 2006, the Court sentenced Bland to imprisonment for consecutive terms of 63 months and 84 months on the armed bank robbery and carrying a firearm during and in relation to a crime of violence charges, respectively. Central District Illinois Case No. 05-30050, Sentencing Order (d/e 50). Bland appealed on August 11, 2006. Central District Illinois Case No. 05-30050, Notice of Appeal (d/e 48). The U.S. Court of Appeals for the Seventh Circuit affirmed Bland's conviction on February 25, 2008, and the mandate issued on March 19, 2008. United States v. Bland, 517 F.3d 930, 931 (7th Cir. 2008); Central District Illinois Case No. 05-30050, Mandate (d/e 77).

Bland then sought appointment of counsel to assist him in pursuing a habeas petition. Central District Illinois Case No. 05-30050, Motion for Appointment of Counsel to Help Fill Out 2255 Form (d/e 78). The Court

denied Bland's Motion; he appealed on January 21, 2009, but the Seventh Circuit on March 30, 2009, dismissed his appeal for lack of jurisdiction. Central District Illinois Case No. 05-30050, Text Order of January 15, 2009; Mandate (d/e 85). In the interim, Bland filed this action under 28 U.S.C. § 2255.

## ANALYSIS

Bland fails to establish that he is entitled to relief under § 2255. He raises three grounds for relief in his Petition: (1) that he was denied his right to appeal; (2) that his conviction was obtained by the unconstitutional failure of the prosecution to disclose to him favorable evidence; and (3) that he was denied effective assistance of counsel.

Petitioner's first two claims are baseless. First, his contention that he was denied the right to appeal is wholly without merit as he did, in fact, appeal his conviction to the Seventh Circuit, which affirmed. Bland, 517 F.3d at 931. His allegation that the Government secured his conviction by unconstitutionally withholding evidence from him is likewise without merit. On appeal, the Seventh Circuit affirmed Petitioner's conviction specifically because of Bland's failure to demonstrate that the Government committed a Brady violation. Id. at 933.

4

Petitioner's third argument is the only one he attempts to explain. He claims that he was denied effective assistance of counsel in contravention of the Sixth Amendment. He provides no specific, detailed evidence to support this claim. Instead, he states:

> I Shawn Bland was found guilty for armed bank robbery and posseion [sic] of a firearm by a convicted felon. I Shawn Bland im [sic] layman to the law and I solely dependent [sic] on trail [sic] counsler [sic] representation in my defense in which trail [sic] counsler [sic] failed to do so. Trail [sic] counsler [sic] failed to supress [sic] any evidance [sic] in my Defense and in further review as remaining as a legal representation [sic] because trails [sic] counler [sic] denial of right to appeal and trail [sic] counsler [sic] failure to response [sic] to the goverments [sic] rebuttal's [sic].

Petition, 4.

Bland has not provided the Court with any evidence to support his claims. Relief under 28 U.S.C. § 2255 is only appropriate if a petitioner demonstrates "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." Boyer v. United States, 55 F.3d 296, 298 (7th Cir. 1995); see Scott v. United States, 997 F.2d 340, 342-43 (7th Cir. 1993). To prevail, the petitioner must present some evidence of his claim. Galbraith v. United States, 313 F.3d 1001, 1008-09 (7th Cir. 2002); Daniels v. United States,

5

54 F.3d 290, 293 (7th Cir. 1995); United States v. Jordan, 870 F.2d 1310, 1318 (7th Cir. 1989). "[T]he sort of evidence usually employed in such cases begins with sworn affidavits attesting to the petitioner's allegations." Galbraith, 313 F.3d at 1009.

Absent such evidence, a district court cannot grant even an evidentiary hearing. See Barry v. United States, 528 F.2d 1094, 1101 (7th Cir. 1976) (holding that in order for a court to hold a hearing "the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions"). Allowing an evidentiary hearing absent any new evidence would contravene a main goal of the justice system, which is to settle matters with "speed, economy and finality." Liss v. United States, 915 F.2d 287, 290 (7th Cir. 1990). While it is true that a district court has a "special responsibility" to liberally construe a pro se petitioner's filings, the court is not to take on the role of advocate. Donald v. Cook County Sheriff's Dept., 95 F.3d 548, 555 (7th Cir. 1996).

Here, Bland's Petition does not contain any factual allegations, and his Motion is likewise deficient. The latter document consists of eight pages of paragraphs in which Petitioner states rules of law and cites various cases, but

provides no explanation or argumentation connecting them to his ineffective assistance of counsel claim. He has not filed an affidavit, nor has he pointed to any other specific, detailed facts that support his claim. Even broadly construing Bland's filings as the Court must do, there is simply no evidence that would entitle Petitioner to relief.

Furthermore, a review of the substance of Bland's ineffective assistance of counsel claim demonstrates that he is not entitled to relief under § 2255. The closest Bland comes to alleging facts related to his claim is in the Motion, where he takes issue with his attorney's failure to object or otherwise respond to the Government's disclosure regarding Detective Graham. Motion, 1. He essentially argues that his attorney was ineffective in failing to raise a Brady challenge.[1]

To prove ineffective assistance of counsel, a petitioner must show: (1) that his attorney's representation was objectively deficient; and (2) that the

---

[1] In Brady v. Maryland, the U.S. Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, 87 (1963). "Material" evidence includes impeachment evidence that could affect a witness's credibility. United States v. Bagley, 473 U.S. 667, 676 (1985); Giglio v. United States, 405 U.S. 150, 154 (1972). The U.S. Supreme Court has since held that the prosecution has an affirmative duty to turn over favorable material evidence, even absent a request by the accused. Bagley, 473 U.S. at 682 (1985); see Kyles v. Whitley, 514 U.S. 419, 433-34 (1995); United States v. Fallon, 348 F.3d 248, 251 (7th Cir. 2003).

deficient representation caused him prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish deficient representation, he must prove that his attorney committed errors so serious that his performance could not be considered reasonable under prevailing professional norms. Id. at 688. However, the presumption is that "an attorney's conduct is reasonably proficient." Galbraith, 313 F.3d at 1008. To prove prejudice, a petitioner must prove a reasonable probability that, but for his attorney's errors, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Assuming *arguendo* that Bland's attorney's decision not to raise a Brady challenge was objectively unreasonable, Bland cannot demonstrate prejudice. The Seventh Circuit has already held that no Brady violation occurred in Bland's case, because the Government's failure to turn over information regarding Detective Graham to Bland before trial was not material to the issues presented at trial. Bland, 517 F.3d at 934. The court noted that the other evidence of Bland's guilt adduced at trial was "overwhelming," and that it was not "reasonably probable that evidence relating to Graham's misconduct investigation would have changed the

8

trial's outcome." Id. at 935. Therefore, Bland fails to prove that his attorney's allegedly inappropriate decision not to raise a Brady challenge prejudiced him in any way.

In short, Bland has not demonstrated that he is entitled to relief under § 2255. He has not provided detailed, specific factual allegations to support his claims, and the allegations he has provided fail to prove ineffective assistance of counsel. Accordingly, the Court must deny his Petition and Motion.

THEREFORE, Bland's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) and Motion Requested [sic] of Evidentiary Hearing in Responds [sic] to Goverment [sic] Motion to Dismiss (d/e 8) are DENIED. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: November 5, 2009

    FOR THE COURT:

                          s/ Jeanne E. Scott
                          JEANNE E. SCOTT
               UNITED STATES DISTRICT JUDGE