IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SHAWN BLAND | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  09-3052 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Petitioner Shawn William Blands [sic] Pro-Se Motion for Certification of Probible [sic] Cause for Appeal of His 28 U.S.C. § 2255 Motion (Motion) (d/e 14), in which he asks the Court for a Certificate of Appealability (COA). Petitioner has not filed a notice of appeal. For the reasons set forth below, Petitioner's Motion is denied.

Under Federal Rule of Appellate Procedure 22(b)(1), a federal habeas petitioner cannot file an appeal unless the district court that denied his § 2255 petition either issues a certificate of appealability or states why such a certificate should not issue. Fed. R. App. P. 22(b)(1). Pursuant to 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue . . . only if the

applicant has made a substantial showing of the denial of a constitutional right." The applicant must demonstrate that "reasonable jurists could debate whether the challenges in his habeas petition should [have] been resolved differently or that his petition adequately shows a sufficient chance of the denial of a constitutional right that he deserves encouragement to proceed further." Rutledge v. United States, 230 F.3d 1041, 1047 (7th Cir. 2000).

Petitioner's Motion argues that he was denied effective assistance of counsel at the trial and appellate phases of his underlying case. These are the same arguments he raised in his initial § 2255 Petition (d/e 1) and his Rule 59(e) or 60(b) Motion to Vacate or to Reconsider the Courts [sic] November 5, 2009 Judgment Order to Dismiss the Petitioners [sic] 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct His Sentence (d/e 13), and that this Court rejected on two prior occasions. See November 6, 2009, Opinion (d/e 11); November 20, 2009, Text Order. The Court has again independently reviewed the record and finds no basis for granting a COA. Petitioner's ineffective assistance of counsel arguments are premised on the contention that the Government allegedly committed a Brady violation in his underlying criminal case. However, on direct appeal the

2

U.S. Court of Appeals for the Seventh Circuit held that there had been no <u>Brady</u> violation, and the Court based its denial of Petitioner's § 2255 Petition on the Seventh Circuit's decision.  <u>See</u> <u>November 6, 2009, Opinion (d/e 11)</u>, 8.  Reasonable jurists would not debate this Court's denial of Petitioner's § 2255 Petition, and accordingly, the Court denies Petitioner's Motion.

However, when a district court denies a COA, the applicant may ask a circuit judge to issue the certificate.  <u>Fed. R. App. P. 22(b)(1)</u>.  Thus, Petitioner may file a request for a COA in the Seventh Circuit; he should not file such a request in this Court.

THEREFORE, Petitioner Shawn William Blands [sic] Pro-Se Motion for Certification of Probible [sic] Cause for Appeal of His 28 U.S.C. § 2255 Motion (Motion) (d/e 14) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:   November 23, 2009

    FOR THE COURT:

                        s/ Jeanne E. Scott
                        JEANNE E. SCOTT
                 UNITED STATES DISTRICT JUDGE